Opinion by EVANS, J. It was stipulated that the merchandise consists of peat moss of the same character as that passed upon in *Peat Import Corp.* v. *United States* (4 Cust. Ct. 181, C. D. 319). The claim for free entry under paragraph 1685 was therefore sustained.

JANUARY 3, 1941

JANUARY 3, 1941

**No. 45124.**—Suit 4306.— *States* v. *F. W. Woolworth Co.* C. D. 210 affirmed. C. A. D. 145.

JANUARY 6, 1941

**No. 45125.**—Suit 4299.— *V. Mueller & Co.* v. *United States.* C. D. 220 affirmed. C. A. D. 152.

SEPTEMBER 2, 1938

**No. 45126.**—Suit 4136 (Suits 4001 and 4005).— *Malhame & Co.* v. *United States.*—Reap. No. 98114–A. T. D. 49497. Judgment of this court dated August 25, 1937 (Abstract 36808), shall stand as made.

(For the information of all concerned it is considered advisable to now publish in full the judgment of this court dated August 25, 1937 and the memorandum accompanying such judgment, covered by Abstract 36808.)

JUDGMENT

This cause having come on for hearing before this court and a judgment having been rendered in favor of the United States with respect to cloth-bound books and in favor of Malhame & Co. as to leather-bound books (Reap. Dec. 3811), and the said parties having thereafter appealed from said judgment to the United

States Court of Customs and Patent Appeals, and the said United States Court of Customs and Patent Appeals having transmitted to this court its mandate, by which it appears that the judgment of this court insofar as it relates to cloth-bound books is affirmed, and insofar as it relates to leather-bound books is reversed, the cause being remanded to this court for further proceedings consistent with the views expressed by the said United States Court of Customs and Patent Appeals,

Now, in conformity with the said mandate of the United States Court of Customs and Patent Appeals, it is hereby

Ordered, Adjudged, and Decreed that the original judgment of this court in this case, insofar as it relates to the cloth-bound books, shall stand as made; and it is

Further Ordered, Adjudged, and Decreed that the original judgment of this court in this case, insofar as it relates to the leather-bound books, be and the same hereby is vacated and set aside, and the following judgment substituted therefor:

It is Ordered, Adjudged, and Decreed that the decision of the court below, insofar as it relates to the leather-bound books be and the same is hereby reversed and the case is remanded to said court for the purpose of permitting the parties to introduce evidence to establish the cost of production of such books, if such evidence is available.

### Memorandum Accompanying Judgment

McClelland, Presiding Judge: There are two classes of merchandise covered by these suits, viz, cloth-bound prayer books and leather-bound prayer books As to the former the proper value was determined by the single judge sitting in reappraisement to be the appraised value, and his decision was affirmed on appeal by this division of the court, and on further appeal by the Court of Customs and Patent Appeals, so that so far as such books are involved, the issue has been finally determined.

The appraiser returned the leather-bound prayer books as entireties at the United States value thereof. Paragraph 1410, Tariff Act of 1930, however, in effect requires that leather-bound books be appraised as two entities, the covers and the printed pages separately, and such was the holding of the Court of Customs and Patent Appeals in United States v. John Wanamaker, 20 C. C. P. A. 381, T. D. 46185.

When the case came before Judge Dallinger as single judge he at first held the appraisement as to the leather-bound books null and void because the appraiser had not appraised the covers and the pages separately, but later, by agreement of the parties, a rehearing was granted and Judge Dallinger then found that cost of production was the proper basis of value of such books and also that the cost of production had been sufficiently established by the plaintiff by means of an affidavit marked exhibit 22.

On appeal to this division taken by both parties, Judge Dallinger's decision was affirmed. On appeal to the Court of Customs and Patent Appeals that court in T. D. 48911 found that exhibit 22 was not sufficient evidence upon which to base a finding of cost of production, and therefore reversed this court's decision with respect to the leather-bound prayer books.

Counsel for the Government have submitted a proposed judgment to be issued by this division affirming the appraised value as to the leather-bound prayer books. The appraisement, however, has been shown to be clearly erroneous because the appraiser returned the books as entireties. It is our view, therefore, that, so far as it relates to the leather-bound books, the case should be remanded

to the trial court for the purpose of permitting the parties to introduce evidence to establish the cost of production, if such evidence is available, and judgment to that effect will issue accordingly.